**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **ROBERT PLAZA,** ) | **Case No.  1:07 CV 674** |
| ) | |
| Petitioner, ) | **Judge Dan Aaron Polster** |
| ) | |
| vs. ) | **MEMORANDUM OF OPINION** |
| ) | **AND ORDER** |
| **STUART HUDSON,** ) | |
| ) | |
| Respondent. ) | |

Before the Court is the Amended Report and Recommendation of Magistrate Judge filed on March 26, 2008 ("Amended R&R") (**ECF No. 33**).  Pending is the Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody ("the Petition) (**ECF No. 1**), as well as Respondent's Motion to Dismiss Habeas Petition as Time-Barred ("Respondent's Motion") (**ECF No. 9**).  On March 4, 2008, the Magistrate Judge issued a Report and Recommendation urging the Court to grant Respondent's Motion and dismiss the Petition as time-barred (ECF No. 20).  Subsequently, there was a flurry of litigation activity resulting in the issuance of the Amended R&R on March 26 wherein the Magistrate Judge again recommended that the Court grant Respondent's Motion and dismiss the Petition as time-barred.  (See ECF Nos. 25-34.)  On March 28, 2008, the Court granted Petitioner an extension of time until April 28, 2008 to file objections to the Amended R&R.  (ECF No. 34.)

Petitioner Robert Plaza challenges his conviction for rape on twenty separate constitutional grounds.  (Petition 6-21.)  Additionally, he asks the Court to stay the Petition

while he exhausts his state court remedies (i.e., a delayed petition for postconviction relief) for being "unavoidably prevented from discovery" on another five issues. (Id. 21-28.)

In the Amended R&R, the Magistrate Judge recommended that the Petition be denied as time-barred under the AEDPA one-year statute of limitations. The Magistrate Judge determined that neither statutory tolling, equitable tolling, nor the actual innocence exception to AEDPA limitation period could save the Petition.

Under the relevant statute:

> Within ten days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.

28 U.S.C. § 636(b)(1)(C) (1988) (emphasis added). Here, the Court gave Petitioner 33 days to file objections to the Amended R&R. (ECF No. 34.) It is now 42 days after the Amended R&R was issued and Petitioner has neither filed objections nor requested an extension of time to file them.

The failure to timely file written objections to a Magistrate Judge's report and recommendation waives district court review, under a *de novo* or any other standard, of an issue that is not the subject of an objection. *Thomas v. Arn*, 474 U.S. 140, 149-52 (1985); *United States v. Walters*, 638 F.2d 947, 949 (6th Cir. 1981).

The Court has reviewed the Magistrate Judge's comprehensive, well-written Amended R&R and agrees with the Magistrate Judge's conclusions. Accordingly, the Court hereby **ADOPTS** the Amended R&R (**ECF No. 33**), **GRANTS** Respondent's Motion (**ECF No. 9**) and **DISMISSES WITH PREJUDICE** the Petition (**ECF No. 1**).

**IT IS SO ORDERED.**

*/s/ Dan Aaron Polster     May 7, 2008*
**Dan Aaron Polster
United States District Judge**