**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **ROBERT PLAZA,** | ) | **CASE NO. 1:07-CV-674** |
| | ) | |
| **Petitioner,** | ) | |
| | ) | **JUDGE DAN AARON POLSTER** |
| **v.** | ) | |
| | ) | |
| **STUAR T HUDSON, Warden,** | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| **Respondent.** | ) | |

Before the Court is the Amended Report and Recommendation of Magistrate
Judge George J. Limbert **(ECF No. 33)** (the "Amended R&R").  Pending is Petitioner Robert
Plaza's Amended Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in
State Custody **(ECF No. 8)** (the "Amended Petition"), Respondent Stuart Hudson's Motion to
Dismiss the Habeas Petition as Time-Barred **(ECF No. 9)** ("Respondent's Motion"), and Plaza's
Motion for a Stay and Abeyance **(ECF No. 39)**.  For the reasons articulated below, the Court
**AMENDS** and **ADOPTS** the Amended R&R, **GRANTS** Respondent's Motion, and
**DISMISSES WITH PREJUDICE** Plaza's Amended Petition.  The Court also **DENIES** Plaza's
Motion for a Stay and Abeyance.

## I.  BACKGROUND

The Amended R&R accurately sets forth the factual and procedural background
of this case.  (ECF No. 33 at 1-8.)  In the interest of efficiency, therefore, the Court adopts the
Amended R&R's thorough and comprehensive articulation of the relevant factual and procedural
background and provides only the following summary and augmentation of the facts.

**A.** **State Trial Court Proceedings**

In early 2003, Plaza was tried before a jury in the Cuyahoga County, Ohio Court of Common Pleas on charges of rape and kidnapping, with the latter charge including a sexual motivation specification.  Specifically, Plaza was accused of kidnapping and performing oral sex on a 12-year-old victim.  At the completion of the trial, which featured testimony by the victim and Plaza, among others, the jury ultimately found Plaza guilty of rape, but not guilty of kidnapping.

On May 22, 2003, the trial court sentenced Plaza for the rape conviction, as well as for a conviction in an unrelated case where Plaza had pled guilty to aggravated assault.  The trial court sentenced Plaza to prison terms of life for the rape conviction and one year for the assault conviction and ordered that the terms be served consecutively.[1]

**B.** **Direct Appeal**

On June 25, 2003, Plaza, through counsel, filed a notice of appeal to the Ohio Eighth District Court of Appeals.  Over a year later, on June 28, 2004, the Eighth District affirmed Plaza's rape conviction and the trial court's imposition of the life sentence for the rape conviction as statutorily mandated by Ohio law.  Plaza's case, however, was remanded for resentencing, because the trial court had ordered that Plaza's prison terms for the rape and assault convictions be served consecutively without making certain findings of fact as required by then-existing Ohio law.

---

[1]  Plaza did not appeal his aggravated assault conviction and does not raise any challenge to that conviction in the pending Amended Petition.

**C.       Resentencing**

On December 10, 2004, the trial court resentenced Plaza.  Plaza was again sentenced to prison terms of life for the rape conviction and one year for the assault conviction, but the terms now were ordered to be served concurrently, rather than consecutively.

**D.       Rule 26(B) Application To Reopen Appeal**

On January 18, 2005, Plaza filed an untimely, pro se application to reopen his direct appeal pursuant to Ohio Rule of Appellate Procedure 26(B).  Plaza argued that his motion should be granted, despite being untimely, because his appellate attorney had delayed four months in informing him of the outcome of his direct appeal to the Eighth District and because his attorney had failed to raise meritorious arguments on appeal.  On October 26, 2005, the Eighth District dismissed Plaza's application to reopen his appeal, ruling that Plaza had failed to establish good cause for the delay.

**E.       Appeals To The Supreme Court Of Ohio Challenging The Rape Conviction**

**1.       Appeal From Denial Of Rule 26(B) Application To Reopen Appeal**

On December 12, 2005, Plaza filed a pro se notice of appeal to the Supreme Court of Ohio from the Eighth District's judgment denying his Rule 26(B) application to reopen his direct appeal.  On February 22, 2006, the Supreme Court of Ohio dismissed the appeal in an unexplained decision.

**2.       Appeal From Judgment By The Eighth District On Direct Appeal**

Meanwhile, on January 9, 2006, Plaza filed a pro se notice of delayed appeal and a motion for leave to file the delayed appeal in the Supreme Court of Ohio, seeking to appeal the Eighth District's judgment in his direct appeal.  Plaza claimed that there was good cause for the

-3-

untimely appeal, because he was unaware of the possibility of an appeal to the Supreme Court of Ohio and because his appellate attorney never informed him of the Eighth District's decision. On February 22, 2006, in an unexplained decision, the Supreme Court of Ohio denied Plaza's motion for leave to file a delayed appeal.

**F.        Appeals From The Trial Court's Resentencing On December 10, 2004**

On April 28, 2006, Plaza filed a pro se notice of appeal and motion for leave to file a delayed appeal from the sentence imposed by the trial court on resentencing to the Eight District.  On June 20, 2006, the Eighth District denied Plaza's motion.  On July 31, 2006, Plaza filed a pro se notice of appeal to the Supreme Court of Ohio from the Eight District's judgment denying Plaza's motion for leave to file a delayed appeal from the trial court's resentencing.  On November 1, 2006, the Supreme Court of Ohio denied Plaza's appeal in an unexplained decision.

**G.        Federal Habeas Corpus Proceedings**

On February 16, 2007, Plaza filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  (ECF No. 1.)  On June 18, 2007, Plaza filed a motion requesting leave to amend his petition, which the Magistrate Judge granted.  (ECF No. 7.)  The Amended Petition, which is pending before the Court, raises multiple assignments of error challenging his rape conviction and the life sentence imposed for the rape conviction.  (*See* ECF No. 8 at 4-5z.)

On July 9, 2007, Respondent filed a motion to dismiss Plaza's Amended Petition. (ECF No. 9.)  Respondent's Motion, which also is pending before the Court, asserts that Plaza's Amended Petition is time-barred by the one-year statute of limitations found in Section 101 of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") and codified at 28 U.S.C. § 2244.

-4-

On March 26, 2008, the Magistrate Judge issued the Amended R&R, recommending that the Court grant Respondent's Motion and dismiss with prejudice Plaza's Amended Petition as time-barred.  (ECF No. 33.)  The Magistrate Judge determined that neither statutory tolling, equitable tolling under the five-factor test established in *Dunlap v. United States*, 250 F.3d 1001 (6th Cir. 2001), nor equitable tolling under the actual innocence exception established in *Souter v. Jones*, 395 F.3d 577 (6th Cir. 2005), could save Plaza's Amended Petition.

On May 7, 2008, with seemingly no objections having been filed,[2] the Court issued a Memorandum of Opinion and Order adopting the Magistrate Judge's Amended R&R (ECF No. 35) and contemporaneously entered a Judgment Entry pursuant to Rule 58 of the Federal Rules of Civil Procedure terminating and dismissing Plaza's case (ECF No. 36).  Plaza, however, had filed a document entitled Objection to Magistrate Limbert's Amended Report & Recommendation (*see* ECF Nos. 38, 48) (the "Objections") that, although timely under the prisoner's mailbox rule,[3] was not docketed as of the time the Court issued its Memorandum of Opinion and Order and entered the Judgment Entry.  At this time, Plaza also filed a Motion for a Stay and Abeyance.  (ECF No. 39.)  Accordingly, in an Order dated June 23, 2008 (ECF No. 46), the Court vacated the Memorandum of Opinion and Order and Judgment Entry that were entered on May 7, 2008.

---

[2]  The Court, in a marginal order entered on March 28, 2008, granted Plaza an extension of time to file any objections well in excess of the statutorily allotted ten days; Plaza was granted until April 28, 2008 to object to the March 26, 2008 Amended R&R.

[3]  *See Bachman v. Wilson*, No. 5:05-CV-1735, 2007 U.S. Dist. LEXIS 93211, at *8 (N.D. Ohio Dec. 19, 2007) (citing *Houston v. Lack*, 487 U.S. 266, 270-74 (1988) (holding that a pro se prisoner's pleading is considered to be filed on the day he or she delivers it to prison authorities)).

In its Order dated June 23, 2008, the Court also requested additional briefing by the parties on three specific questions related to equitable tolling under the actual innocence exception.  (ECF No. 46 at 2-3.)  Pursuant to the Order, Plaza filed an opening brief on September 29, 2008 (ECF No. 52), as well as a supplemental points of authority on October 6, 2008 (ECF No. 53) ("Supplemental Points of Authority"); Respondent filed a supplemental brief in response to Plaza's opening brief on October 22, 2008 (ECF No. 54); and Plaza filed a reply on November 17, 2008 (ECF No. 56).  Plaza's Amended Petition, Respondent's Motion, and Plaza's Motion for a Stay and Abeyance, therefore, are now ripe for resolution.

## II.  LAW & ANALYSIS

**A.     Respondent's Motion To Dismiss Plaza's Amended Petition As Time-Barred**

Pursuant to the Federal Magistrates Act, the Court is required to conduct a de novo review of those portions of the Magistrate Judge's Amended R&R to which a specific objection has been made.  28 U.S.C. § 636(b)(1)(C).  The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations" made by the Magistrate Judge.  *Id.*

Here, while Plaza did not object to the Magistrate Judge's finding that the Amended Petition was time-barred under the AEDPA's one-year statute of limitations, Plaza has made specific objections that challenge the Magistrate Judge's findings that Plaza was not entitled to equitable tolling.

For the reasons explained in more detail below, the Court initially notes that, even though there was no objection to this portion of the Amended R&R, Plaza's Amended Petition was not saved by statutory tolling and is indeed time-barred under the AEDPA's statute of limitations absent equitable tolling.  Further, upon conducting a de novo review, the Court

-6-

concludes that the Magistrate Judge was correct in finding that Plaza was not entitled to equitable tolling under either the *Dunlap* five-factor test or the *Souter* actual innocence exception.

**1.    Plaza's Amended Petition Is Time-Barred Under The AEDPA's One-Year Statute of Limitations Absent Equitable Tolling**

At the outset, the Court notes that because Plaza failed to object to the Magistrate Judge's finding that the Amended Petition is time-barred under the AEDPA absent equitable tolling, the Court could adopt that portion of the Amended R&R without review.  *See Thomas v. Arn*, 474 U.S. 140, 149-52 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).  The Court, nevertheless, has reviewed the portion of the Amended R&R discussing statutory tolling and, while it notes one correction below, agrees with the Magistrate Judge's ultimate finding.

Under the AEDPA, a state prisoner seeking habeas corpus relief pursuant to 28 U.S.C. § 2254 must comply with the statute of limitations period set forth in 28 U.S.C. § 2244(d) and file his petition within one year of the latest of four triggering dates.  Specifically, the AEDPA provides:

(d)(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court.  The limitation period shall run from the latest of –

(A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly

> recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)     the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d).  The AEDPA also includes a provision for statutory tolling, which provides that:

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(2).  In other words, the statute of limitations is tolled for any period of time in which a properly filed petition for post-conviction relief is pending before the state courts. *Jurado v. Burt*, 337 F.3d 638, 640 (6th Cir. 2003).  This statutory tolling provision, however, does not "revive the limitations period (i.e., restart the clock at zero); it can only serve to pause a clock that has not yet fully run.  Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations." *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003) (internal quotations omitted).

Applying these concepts, the Magistrate Judge concluded in the Amended R&R that Plaza's Amended Petition was time-barred under the AEDPA, because Plaza had failed to file his petition within one year of the date on which his judgment became final pursuant to 28 U.S.C. § 2244(d)(1)(A).[4]  In reaching this conclusion, the Magistrate Judge first determined that Plaza's judgment became final under the AEDPA and thus triggered the beginning of the one-

---

[4] Plaza did not argue before the Magistrate Judge, nor does he argue in his Objections, that any of the other three triggering dates identified under 28 U.S.C. § 2244(d)(1) should apply to his federal habeas petition.  Indeed, as noted above, Plaza did not object to this portion of the Amended R&R, and he apparently concedes that his Amended Petition is time-barred under the AEDPA absent equitable tolling.

year statute of limitations period on January 10, 2005, i.e., thirty days after the trial court's

resentencing on December 10, 2004, when the time period expired to file a timely appeal under

Ohio Rule of Appellate Procedure 4(A).  The Magistrate Judge then determined that Plaza had

failed to properly file any application for State post-conviction or other collateral review that

would have tolled the statute of limitations under 28 U.S.C. § 2244(d)(2).  The Magistrate Judge,

therefore, found that Plaza's filing of his federal habeas petition on February 16, 2007 was 766

days after the AEDPA's one-year statute of limitations began running and was time-barred

absent equitable tolling.

As indicated, the Court agrees with the Magistrate Judge's ultimate conclusion

that Plaza's Amended Petition is time-barred under the AEDPA, but notes that one aspect of this

portion of the Amended R&R was incorrect – Plaza's motion for leave to file a delayed direct

appeal to the Supreme Court of Ohio filed on January 9, 2006 did toll the statute of limitations

under 28 U.S.C. § 2244(d)(2) and governing Sixth Circuit precedent.  *See DiCenzi v. Rose*, 452

F.3d 465, 468 (6th Cir. 2006) (citing *Searcy v. Carter*, 246 F.3d 515, 519 (6th Cir. 2001)) ("Such

a motion for delayed appeal, even if granted, does not restart the statute of limitations, but if

properly filed, it does toll the statute during the time the motion was pending."); *see also*

*McDermott v. Kerns*, No. 3:07-CV-901, 2008 U.S. Dist. LEXIS 49313, at *5 (N.D. Ohio June

26, 2008).  The Court, however, finds that the Magistrate Judge's error does not affect the

Amended R&R's conclusion, because:  (1) by the time the statute was tolled on January 9, 2006,

363 days of the one-year limitations period already had expired;[5] (2) the tolled statute of limitations resumed running when the Supreme Court of Ohio denied Plaza's motion for leave to file a delayed direct appeal on February 22, 2006;[6] (3) the statute of limitations then expired two days later, on February 24, 2006 (363 + 2 = 365);[7] and (4) Plaza's federal habeas petition was not filed until nearly a year later, on February 16, 2007.  Thus, the Court still agrees with the Magistrate Judge's conclusion; Plaza's Amended Petition is time-barred absent equitable tolling.

---

[5] As the Magistrate Judge correctly noted, Plaza's untimely Rule 26(B) application filed on January 18, 2005 and his subsequent notice of appeal of the Eighth District's Rule 26(B) judgment filed on December 12, 2005 did not toll the statute of limitations, because these petitions for post-conviction relief were not "properly filed."  *See Allen v. Siebert*, 128 S. Ct. 2, 4 (2007) (per curiam); *Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005); *see also Brownlow v. Konteh*, No. 3:05-CV-1118, 2007 U.S. Dist. LEXIS 77968, at *11-*12 (N.D. Ohio Oct. 19, 2007).

[6] The Court notes that Plaza is not entitled to statutory tolling for the ninety days during which he could have sought relief in the United States Supreme Court.  *See Sanders v. Bobby*, No. 5:07-CV-682, 2008 U.S. Dist. LEXIS 7248, at *5-*8 (N.D. Ohio Jan. 31, 2008) (holding that a petitioner's statute of limitations was not tolled during the ninety-day period after the Supreme Court of Ohio denied his motion for a delayed appeal, because delayed appeals are part of a petitioner's post-conviction or collateral relief and because, pursuant to *Lawrence v. Florida*, 549 U.S. 327 (2007) (effectively overruling *Abela v. Martin*, 348 F.3d 164 (6th Cir. 2003)), the period of tolling during the pendency of an "application for State post-conviction or other collateral review" under 28 U.S.C. § 2244(d)(2) does not include the ninety days during which a petitioner could seek a writ of certiorari in the United States Supreme Court).

[7] Plaza's subsequent motion for leave to file a delayed appeal from the trial court's resentencing filed on April 28, 2006 and his later notice of appeal from the Eighth District's judgment filed on July 31, 2006 were inconsequential and had no effect on the statute of limitations period.  *See Ramos v. Wilson*, No. 1:06-CV-901, 2008 U.S. Dist. LEXIS 48005, at *11 (N.D. Ohio June 23, 2008) ("A post-deadline motion to file a delayed appeal under Ohio R. App. 5(A) has no effect on the '1-year period' of § 2244(d)(1)(A).  Once the '1-year period' has run, it cannot be restarted or re-triggered by subsequent state court proceedings.")

Further, even if the Court were to conclude that the statute of limitations had not expired as of April 28, 2006 (because, contrary to the discussion in note 6, supra, Plaza was entitled to statutory tolling for the ninety days during which he could have sought relief in the United States Supreme Court from the Supreme Court of Ohio's denial of his motion for leave to file a delayed direct appeal), Plaza's federal habeas petition still would have been filed untimely.  Under this scenario, the statute of limitations would have remained tolled from January 9, 2006 until ninety days after the Supreme Court of Ohio denied Plaza's appeal from the Eighth District's judgment denying Plaza's motion for leave to file a delayed appeal from the trial court's resentencing, on January 31, 2007.  At that point, the statute of limitations would have resumed running and expired two days later, on February 2, 2007, which was two weeks before Plaza filed his petition on February 16, 2007.

-10-

**2.      Plaza Is Not Entitled To Equitable Tolling Of The Statute Of Limitations**

The AEDPA's one-year statute of limitations under 28 U.S.C. § 2244(d) is not a jurisdictional requirement and therefore is subject to the doctrine of equitable tolling, which permits a court to excuse late-filed habeas claims in appropriate circumstances.  *Souter*, 395 F.3d at 588, 598, 602.  Specifically, the Sixth Circuit has found equitable tolling to be appropriate in two limited circumstances:  (1) when the petitioner satisfies the *Dunlap* five-factor test; and (2) when the petitioner satisfies the *Souter* actual innocence exception.  *Id.*[8]  Here, as explained in more detail below, the Court agrees with the Magistrate Judge's conclusion that Plaza is not entitled to equitable tolling under the circumstances outlined in either *Dunlap* or *Souter*.

**a.      Plaza Cannot Satisfy The *Dunlap* Five-Factor Test**

The five factors identified in *Dunlap* that courts must consider to determine whether equitable tolling should apply are as follows:

(1)      the petitioner's lack of notice of the filing requirement;
(2)      the petitioner's lack of constructive knowledge of the filing requirement;
(3)      diligence in pursuing one's rights;
(4)      absence of prejudice to the respondent; and
(5)      the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.

---

[8] In his Objections and Supplemental Points of Authority, Plaza asserts that he is entitled to equitable tolling under the cause and prejudice standard announced in *Coleman v. Thompson*, 501 U.S. 722 (1991). (*See* ECF No. 48 at 72-84; ECF No. 53.)  Cause and prejudice, however, is not the appropriate test to determine whether the AEDPA's statute of limitations should be equitably tolled. *See Biles v. United States*, No. 4:07-CV-10, 2007 U.S. Dist. LEXIS 20684, at *3 n.2 (E.D. Tenn. March 8, 2007).  The Court, nevertheless, has considered all of Plaza's arguments within this section of the Objections and Supplemental Points of Authority, to the extent applicable to the equitable tolling tests outlined in *Dunlap* and/or *Souter*.

250 F.3d at 1008.[9]  These five factors are not comprehensive and not all of the factors are relevant in all cases.  *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002).  Indeed, whether equitable tolling is appropriate must be decided on a case-by-case basis.  *Id.*  Further, the Sixth Circuit repeatedly has cautioned that equitable tolling relief should be granted only sparingly.  *Id.*  "Typically, equitable tolling applies only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control."  *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560-61 (6th Cir. 2000).  Moreover, the petitioner bears the ultimate burden of persuading the Court that he is entitled to equitable tolling.  *Vroman*, 346 F.3d at 604.

### (1)    Lack Of Notice Or Knowledge Of The Filing Deadline And Reasonableness In Remaining Ignorant Of The Filing Deadline[10]

Plaza initially contends that he is entitled to equitable tolling under *Dunlap*, because he was unaware of his actual filing deadline and was reasonable in remaining ignorant of the deadline.  Plaza claims that, up until the filing of Respondent's Motion, he was not aware of the Sixth Circuit's decision in *Lopez v. Wilson*, 426 F.3d 339 (6th Cir. 2005) (en banc), which overruled *White v. Schotten*, 201 F.3d 743 (6th Cir. 2000), and held that a Rule 26(B) application

---

[9]  The United States Supreme Court has not explicitly decided whether the AEDPA allows for equitable tolling.  *Lawrence*, 127 S. Ct. at 1085.  In decisions that have assumed the doctrine applies, the Supreme Court has stated that a petitioner must show the following two elements to be entitled to equitable tolling:  (1) that he has been pursuing his rights diligently; and (2) that some extraordinary circumstance stood in his way and prevented timely filing.  *Id.* (citing *Pace*, 544 U.S. at 418).  Prior to and since *Lawrence*, however, the Sixth Circuit has continued to apply the five-factor test set forth in *Dunlap*.  *See, e.g.*, *McSwain v. Davis*, No. 06-1920, 2008 U.S. App. LEXIS 15218, at *13-*14 (6th Cir. July 15, 2008).  The Court, as did the Magistrate Judge, will follow the Sixth Circuit's lead and apply the *Dunlap* factors in this case, which the Court notes overlap the *Lawrence* requirements to some degree.

[10]  For the sake of brevity, the Court has combined the analysis of the first, second, and fifth factors.  *See Jagodka v. Lafler*, 148 Fed. Appx. 345, 347 (6th Cir. 2005).

was a collateral matter rather than a part of the direct right of appeal.  Accordingly, Plaza asserts that, notwithstanding *Lopez*, and based upon his reliance on *White*, his federal habeas petition would have been timely submitted under 28 U.S.C. § 2244(d) by virtue of his filing within one year from the Supreme Court of Ohio's decision dismissing his Rule 26(B) appeal on February 22, 2006.  As the basis for his ignorance, Plaza states that he was researching from outdated legal resources at his prison's law library and that it is "literally impossible for any pro se litigant to obtain information that is not available to him."[11]

Plaza's arguments regarding lack of knowledge and reasonable ignorance, however, are not supported by binding Sixth Circuit precedent and do not favor equitable tolling. First, the Court notes that Plaza does not assert that he lacked notice or knowledge that the AEDPA, in general, has a one-year statute of limitations.  Second, even assuming that Plaza lacked actual knowledge of his applicable filing deadline, the Sixth Circuit repeatedly has held that "ignorance of the law alone is not sufficient to warrant equitable tolling."  *Allen v. Yukins*, 366 F.3d 396, 403 (6th Cir. 2004) (quoting *Rose v. Dole*, 945 F.2d 1331, 1335 (6th Cir. 1991)); *see also Johnson v. United States*, 544 U.S. 295, 311 (2005) ("[W]e have never accepted pro se representation alone or procedural ignorance as an excuse for prolonged inattention when a statute's clear policy calls for promptness."); *Winkfield v. Bagley*, 66 Fed. Appx. 578, 583 (6th Cir. 2003) ("[C]ourts are reluctant to find that a lack of actual notice of the AEDPA, or ignorance of the law in general, may excuse a late filing."); *Alexander v. Metrish*, No. 2:06-CV-

---

[11]  Plaza also notes that, because he was researching from outdated legal resources, he was unaware of the Supreme Court's decision in *Burton v. Stewart*, 549 U.S. 147 (2007), and therefore did not know that the AEDPA's statute of limitations was triggered in his case after the expiration of his time to appeal from the trial court's resentencing.  Plaza, however, does not address how this lack of knowledge of *Burton* prevented him from timely filing his federal habeas petition and/or entitled him to equitable tolling.

-13-

41, 2007 U.S. Dist. LEXIS 11254, at *34 (W.D. Mich. Feb. 16, 2007) ("Ignorance of the law, even for incarcerated pro se habeas petitioners, generally does not excuse late filing and does not justify tolling the statute of limitations.").  Third, again even assuming that Plaza lacked actual knowledge of his applicable filing deadline, the Sixth Circuit has held that a petitioner is charged with having constructive knowledge of his filing deadline through published case law and the statutory provisions of the AEDPA and therefore cannot remain reasonably ignorant of his deadline.  *See, e.g.*, *Harvey v. Jones*, 179 Fed. Appx. 294, 300 (6th Cir. 2006) (holding that the petitioner could not have remained reasonably ignorant of his filing deadline until 2003 because a published Sixth Circuit decision in 2001 "informed" the petitioner of when the limitations period would begin to run); *Allen*, 366 F.3d at 403 ("Because of this court's decision in *Austin* and AEDPA's clear provisions regarding the statute of limitations, [the petitioner] cannot claim a lack of constructive knowledge regarding the filing deadline."); *McClendon v. Sherman*, 329 F.3d 490, 495 (6th Cir. 2003) (holding that even if the petitioner erroneously believed that his one-year limitations period had started to run when his state post-conviction proceedings concluded, "his confusion should have cleared a month later" when the Sixth Circuit published a decision that would have given him notice that a different filing deadline applied in his case); *see also Allen v. Bell*, 250 Fed. Appx. 713, 715-16 (6th Cir. 2007) (holding that petitioner could not claim a lack of constructive knowledge that the statute of limitations did not start to run until after the conclusion of his state post-conviction proceedings, because of published case law and the statutory provisions of the AEDPA).  Accordingly, Plaza is charged with having constructive knowledge of the Sixth Circuit's published en banc decision in *Lopez*, which was rendered on October 7, 2005, and he could not have remained reasonably ignorant of his filing deadline

based on a lack of actual knowledge of *Lopez* until after receiving the Respondent's Motion in July 2007.  And finally, in a related point, the Court notes that, while it is sympathetic to the challenges faced by incarcerated pro se petitioners, Plaza's claims of reasonable ignorance based on the use of outdated legal resources at his prison's law library does not present a rare and exceptional circumstance in favor of equitable tolling, especially in light of the above-cited Sixth Circuit precedent charging petitioners with constructive knowledge through published case law and the statutory provisions of the AEDPA.  *See, e.g.*, *United States v. Stone*, 68 Fed. Appx. 563, 565-66 (6th Cir. 2003) (citing *Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998)) ("[A]llegations regarding insufficient library access, standing alone, do not warrant equitable tolling."); *Hammond v. Hagan*, No. 4:07-1081-JFA-TER, 2008 U.S. Dist. LEXIS 60312, at *10-*11 (D.S.C. July 24, 2008) (collecting cases and noting that "the alleged inadequacy of the law library does not toll the statute of limitations," such that the petitioner's use of a "grossly outdated" 1990 supplement of 28 U.S.C. § 2254 did not justify equitable tolling); *Rucker v. Bell*, No. 1:07-CV-152 Edgar/Carter, 2008 U.S. Dist. LEXIS 389, at *14-*18 (E.D. Tenn. Jan. 2, 2008) ("Although Petitioner claims the prison lacked any Tennessee law books and Federal rules, the Court finds Petitioner has failed to sufficiently plead and show that this alleged impediment warrants equitable tolling as ignorance of the law and lack of legal assistance, which in effect is what he is claiming with his inadequate law library argument, even for an incarcerated prisoner, generally do not warrant equitable tolling.").  *But see Solomon v. United States*, 467 F.3d 928, 933 (6th Cir. 2006) (finding that petitioner was reasonable in remaining ignorant of the AEDPA's limitations period for a *short time period* – from April 1996 until the "turn of 1997" – because of poor circulation of information on changing laws available to

-15-

inmates at the petitioner's prison).

In short, therefore, the Court concludes that Plaza has not demonstrated that the first, second, and fifth *Dunlap* factors weigh in favor of equitable tolling.

### (2)    Diligence In Pursuing One's Rights

Plaza next contends that he is entitled to equitable tolling under *Dunlap*, because he has been diligent in pursuing his rights.  First, Plaza again claims that, because he was not aware of the Sixth Circuit's en banc decision in *Lopez*, he believed that he timely submitted his federal habeas petition within one year from the Supreme Court of Ohio's decision dismissing his Rule 26(B) appeal on February 22, 2006.  Plaza also asserts that he has been diligent by virtue of his multiple efforts to obtain legal counsel.  And finally, Plaza states that, despite three untimely applications for appellate review, his diligence "goes way beyond your average pro se litigant," as it is nearly impossible to investigate a case on your own and solely through the mail without any investigatory assistance.

The Court, however, disagrees with Plaza's contentions and determines that the diligence factor does not favor equitable tolling.  First, the Court notes that Plaza's arguments regarding his ignorance of *Lopez*, which were rejected above, are equally unavailing in the diligence context.  As discussed, the Sixth Circuit repeatedly has held that ignorance of the law is not a basis for equitable tolling, and that petitioners can be charged with constructive knowledge of their applicable filing deadline through published case law and the statutory provisions of the AEDPA.  Accordingly, Plaza should have realized that his untimely Rule 26(B) application did not delay the start of his one-year limitations period, nor toll the statute of limitations once the Sixth Circuit decided *Lopez* on October 7, 2005, and other than this alleged

-16-

lack of knowledge of *Lopez*, Plaza has not offered any other reason for the delay in filing his federal habeas petition, let alone allege that an extraordinary, external circumstance prevented him from filing his petition sooner.  *See Allen*, 250 Fed. Appx. at 716 (finding lack of diligence where petitioner claimed ignorance of the law and did not allege that an extraordinary, external circumstance prevented him from filing his petition); *Martin v. Hurley*, 150 Fed. Appx. 513, 516-17 (6th Cir. 2005) (same); *see also McClendon*, 329 F.3d at 495 (noting that a reasonably diligent effort to file a federal habeas petition shortly after a published decision gave the petitioner constructive knowledge that his limitations period would expire in one day might have entitled the petitioner to equitable tolling).  Second, the Court notes that, as the Magistrate Judge found, Plaza's efforts to obtain legal counsel do not establish that he was diligent in pursuing his rights.  *See Beltran-Sosa v. United States*, No. 3:05-CV-P749-S, 2007 U.S. Dist. LEXIS 19335, at *15-*16 (W.D. Ky. Mar. 15, 2007) (citing *Holloway v. Jones*, 166 F. Supp. 2d 1185, 1189 (E.D. Mich. 2001)) (finding lack of diligence despite petitioner's claim that he was seeking professional legal assistance during period after expiration of statute of limitations).  And finally, the Court again agrees with the Magistrate Judge to find that Plaza's lack of diligence is further evidenced by his three untimely applications for appellate review in state court, as well as the state courts' findings that Plaza had failed to show good cause for his delays as a matter of Ohio law.  Moreover, the Court notes that to the extent that Plaza argues that he was diligent through his pursuit of relief in state court, albeit untimely, the Sixth Circuit has stated that the proper inquiry is whether a petitioner was diligent in pursuing federal habeas relief, and that Plaza's failure to file his federal habeas petition while simultaneously filing his appeals in state court demonstrated a lack of diligence.  *See Vroman*, 346 F.3d at 605-06 ("Vroman's decision to

proceed solely to the Ohio Supreme Court, rather than filing his federal habeas petition and protecting his federal constitutional rights, demonstrates a lack of diligence.").[12]

In short, therefore, the Court also concludes that Plaza has not demonstrated that the third *Dunlap* factor weighs in favor of equitable tolling.

### (3)    Absence Of Prejudice To Respondent

Because Plaza has failed to show that any of the other four *Dunlap* factors weigh in favor of equitable tolling, the Court need not consider whether Respondent was prejudiced by Plaza's delay in filing.  *See Vroman*, 346 F.3d at 606 ("Absence of prejudice is a factor to be considered only after a factor that might justify tolling is identified.").

\* \* \*

Accordingly, in light of the above analysis, the Court ultimately concludes that Plaza has failed to satisfy his burden of persuading the Court that he is entitled to equitable tolling under the *Dunlap* five-factor test.

---

[12] Similarly, the Court notes that Plaza's reliance in his Supplemental Points of Authority on *Smith v. Ohio Dep't of Rehab. & Corr.*, 463 F.3d 426 (6th Cir. 2006) is not well-taken.  In *Smith*, the Sixth Circuit affirmed the dismissal of a habeas petition on procedural default grounds where the petitioner was unable to show cause and prejudice by virtue of his counsel's failure to provide him with timely notification of his direct appeal judgment by the Ohio Court of Appeals.  *Id.* at 436.  The Sixth Circuit determined that the failure of the petitioner's counsel to provide the petitioner with timely notice of the appellate decision constituted cause, but that the petitioner had not demonstrated prejudice, because he had not shown that he would have timely appealed the appellate decision to the Supreme Court of Ohio but for his counsel's deficient performance. *Id.* at 432-36.  Here, Plaza apparently cites *Smith* for the proposition that his Amended Petition should be equitably tolled during the time in which his appellate attorney allegedly did not inform him of the outcome of his direct appeal by the Ohio Eighth District Court of Appeals.  Plaza's argument, however, is incorrect for two primary reasons.  First, *Smith* was not a case that involved the AEDPA's statute of limitations or equitable tolling, and therefore its reasoning is not applicable to the timeliness issues presented by Respondent's Motion.  And second, even if the Sixth Circuit's reasoning in *Smith* somehow applied to equitable tolling, Plaza's appellate attorney's alleged actions would not justify tolling of Plaza's Amended Petition, because, as discussed above, Plaza's statute of limitations did not begin to run until January 11, 2005 – well after Plaza acknowledges that his appellate attorney informed him of the Eighth District's decision in September 2004.

-18-

     **b.**     **Plaza Cannot Satisfy The *Souter* Actual Innocence Exception**

In *Souter*, the Sixth Circuit held that the Constitution requires an actual innocence exception to the AEDPA's statute of limitations.  395 F.3d at 602.  In determining whether a petitioner has met the requirements for establishing a cognizable claim of actual innocence for purposes of equitable tolling, the Sixth Circuit applies the gateway actual-innocence standard first articulated by the Supreme Court in *Schlup v. Delo*, 513 U.S. 298, 327 (1995), and later reaffirmed by the Supreme Court in *House v. Bell*, 547 U.S. 518, 535-40 (2006).  The Sixth Circuit in *Souter* summarized this standard as follows:

> The United States Supreme Court has held that if a habeas petitioner "presents evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error, the petitioner should be allowed to pass through the gateway and argue the merits of his underlying claims."  *Schlup*, 513 U.S. at 316.  Thus, the threshold inquiry is whether "new facts raise[] sufficient doubt about [the petitioner's] guilt to undermine confidence in the result of the trial." *Id.* at 317.  To establish actual innocence, "a petitioner must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt."  *Id.* at 327.  The Court has noted that "actual innocence means factual innocence, not mere legal insufficiency."  *Bousley v. United States*, 523 U.S. 614, 623 (1998).  "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial."  *Schlup*, 513 U.S. at 324.  The Court counseled however, that the actual innocence exception should "remain rare" and "only be applied in the 'extraordinary case.'"  *Id.* at 321.

*Souter*, 395 F.3d at 589-90.

In the Amended R&R, the Magistrate Judge applied this standard to determine that Plaza was not entitled to equitable tolling under the *Souter* actual innocence exception, largely because Plaza did not present any "new" evidence that potentially could establish a credible claim of actual innocence.  The Magistrate Judge noted that Plaza's proffered

-19-

exculpatory evidence – including alleged inconsistencies in the 12-year-old victim's testimony, police reports, company time sheets, company mileage sheets, docket reports, a bureau of motor vehicles report, a pay stub, a request for cellular telephone records, a letter requesting a list of street signs in the east side of Cleveland, bank statements, and a letter requesting vehicle service records – was all available at the time of trial or could have been discovered through the exercise of due diligence at the time of trial, and therefore was not "new" evidence that could serve as the basis for a credible claim of actual innocence.

Plaza objects to this portion of the Magistrate Judge's Amended R&R, primarily by arguing that the Magistrate Judge's definition of "new" evidence is incorrect and that he has indeed proffered "new" evidence as that term is defined by the Supreme Court and Sixth Circuit in gateway actual-innocence cases.  Pointing to language in *House*, *Schlup*, and *Souter*, Plaza contends that the requirement of "new" evidence discussed in these cases merely refers to evidence that was not presented at trial, as opposed to evidence that has been "newly-discovered" after the time of trial.[13]

---

[13]  The Court, however, specifically notes that Plaza incorrectly attributes the following passage in his Objections to the Sixth Circuit in *Souter*:

> [E]ven if the [evidence] were available [at the time of trial], there is no evidence in the record that they were ever presented to the jury and therefore, are new evidence in support of Souter's actual innocence claim under Schlup.  See, e.g., Allen v. Yukins, 366 F.3d 396, 405-06 (6th Cir.), cert. denied, 543 U.S. 865 (2004) (assessing a habeas petitioner's actual innocence claim by evaluating new statements from co-defendants, who could have testified at trial, but not evidence already presented to the jury).

(ECF No. 48 at 23 (citing Souter, 395 F.3d at 596).)  The Court has determined that the Sixth Circuit did not write the above passage in *Souter*; instead, the Court speculates that Plaza may have lifted the quotation from a law review article discussing *Souter*.  See Jay Nelson, Note, *Facing Up To Wrongful Convictions: Broadly Defining "New" Evidence At The Actual Innocence Gateway*, 59 Hastings L.J. 711, 724 (2008) ("The *Souter* court disagreed, holding that even if the photos were available at the time of trial, 'there is no evidence in the record that they were ever presented to the jury and therefore, are new evidence in support of Souter's actual innocence claim under Schlup.'").

-20-

Further, as to the actual innocence claim itself, Plaza argues that, in light of the several exhibits referenced in his Amended Petition and various evidence that was not presented to the jury – i.e., the evidence discussed above and referenced by the Magistrate Judge in the Amended R&R, it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt.  Most notably, Plaza points to evidence regarding the 12-year-old victim that he claims was wrongfully excluded by the state trial court and not presented to the jury.  Plaza asserts that, in response to an oral motion in limine brought by the prosecutor immediately preceding opening statements, the state trial court wrongfully excluded Plaza from raising or admitting any evidence that the 12-year-old victim had a pending rape case in juvenile court where the victim was accused of coercing another child to perform oral sex on him three days before he reported Plaza's rape to the police.  Plaza claims that this excluded evidence was a material fact as to why the victim disclosed Plaza's rape and that such an exclusion deprived Plaza of the opportunity to conduct an effective cross-examination to reveal the victim's possible motive, bias, and/or prejudice in accusing Plaza.  Moreover, Plaza notes that any error stemming from the state trial court's exclusion was exacerbated when the prosecutor made a statement during closing arguments referencing the 12-year-old victim's credibility and the apparent lack of any evidence regarding a motive for him to lie about Plaza, despite that evidence of the victim's possible motive to lie already had been deemed inadmissible:  "So ask yourself, ladies and gentlemen, when you're considering [the juvenile victim's] credibility, isn't it something important to know as to a potential reason why [the victim] would fabricate such an elaborate tale?"  (Trial Tr. 620:1-4.)  Plaza thus argues that the outcome of the case would have been different – i.e., no reasonable juror would have found him guilty beyond a reasonable doubt –

had the jury considered the 12-year-old victim's potential motive for disclosing Plaza's rape and

had the prosecutor not wrongfully discussed the apparent lack of evidence regarding the victim's

possible motive to falsely accuse Plaza, especially when the conviction rested solely upon the

victim's credibility and the jurors had twice stated that they were deadlocked during

deliberations.  As such, Plaza argues that equitable tolling of the AEDPA's statute of limitations

is warranted under the *Souter* actual innocence exception.

   The Court, however, disagrees and determines that Plaza is not entitled to

equitable tolling under *Souter*.  As noted, for a gateway claim of actual innocence to be credible

under governing Supreme Court precedent, a petitioner must present exculpatory evidence that is

both new and reliable:  "To be credible, such a claim requires petitioner to support his

allegations of constitutional error with new reliable evidence – whether it be exculpatory

scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not

presented at trial."  *Schlup*, 513 U.S. at 324; *see also House*, 547 U.S. at 537.  Here, while the

Magistrate Judge did not consider Plaza's claim of actual innocence on the grounds that Plaza

did not present any "new" exculpatory evidence, and the parties strongly disagree as to what

qualifies as "new" evidence for actual innocence purposes, the Court ultimately need not reach

that issue.[14]  Instead, the Court concludes that, even assuming that Plaza's proffered evidence is

---

   [14]  The Court notes that the Sixth Circuit has not explicitly addressed the issue of what qualifies as "new" evidence for actual innocence purposes and that there appears to be a circuit split on this issue as well. *Compare Osborne v. Purkett*, 411 F.3d 911, 920 (8th Cir. 2005) ("Evidence is only new if it was 'not available at trial and could not have been discovered earlier through the exercise of due diligence.'") (quoting *Amrine v. Bowersox*, 238 F.3d 1023, 1029 (8th Cir. 2001)) *and Hubbard v. Pinchak*, 378 F.3d 333, 340 (3d Cir. 2004) (requiring new evidence that was not available at the time of trial) *with Gomez*, 350 F.3d at 679 ("All *Schlup* requires is that the new evidence is reliable and that it was not presented at trial.") *and Griffin v. Johnson*, 350 F.3d 956, 963 (9th Cir. 2003) (requiring "newly-presented," not newly-available evidence). *See also Chavis-Tucker v. Hudson*, No. 2:06-CV-1064, 2007 U.S. Dist. LEXIS 79504, at *33-*34 (S.D. Ohio Oct. 25, 2007).

"new," Plaza has not satisfied his burden of establishing a credible claim of actual innocence, because none of the proffered evidence represents the type of "reliable" exculpatory evidence that was contemplated in *House*, *Schlup*, and *Souter*.  Plaza has not presented DNA or other scientific evidence, credible testimony from an eyewitness, or critical physical evidence that supports his claim of actual innocence.  *See, e.g.*, *House*, 547 U.S. at 537.  Rather, as suggested above, Plaza's proffered evidence mostly consists of records that attempt to show flaws and inconsistencies in the victim's testimony.  For example, Plaza argues that his company timesheets and mileage reports for the dates in question show that he never could have traveled to the east side of Cleveland where the victim testified that the rape occurred.  These self-verified records, however, are unsubstantiated and are ultimately unreliable.  Similarly, Plaza's arguments regarding the victim's juvenile arrest record merely constitute impeachment evidence of the victim's testimony, which is insufficient to establish a gateway claim of actual innocence. *See, e.g.*, *Webb v. Bell*, No. 2:07-CV-12689, 2008 U.S. Dist. LEXIS 42825, at *16 (E.D. Mich. May 30, 2008) ("Evidence which merely impeaches a witness is insufficient to support a claim of actual innocence.").  Further, while Plaza contends that the standard for a credible claim of actual innocence set forth in *House*, *Schlup*, and *Souter* should not require the presentation of "reliable" evidence in his case – because his conviction rested solely upon the testimony of the victim and was not based upon DNA or other scientific evidence, the credible testimony of an eyewitness, or physical evidence – the Court notes that, given Plaza's conviction in state court, Plaza is now presumed guilty and the "societal interests in finality, comity, and conservation of judicial resources" counsel against federal review of his time-barred claims unless he can meet the "demanding" gateway actual innocence standard.  *See House*, 547 U.S. at 536-38; *see also*

*Schlup*, 513 U.S. at 324 (recognizing that claims of actual innocence are "rarely successful" because such new, reliable evidence is "obviously unavailable in the vast majority of cases"). So, although Plaza claims that impeachment evidence is the only type of evidence that will ever exist in his case because of the nature of his conviction, Plaza still must present the type of reliable exculpatory evidence contemplated by *House*, *Schlup*, and *Souter* to establish a credible claim.  Finding a lack of such evidence here, the Court concludes that Plaza, even if his Sixth Amendment Confrontation Clause rights were violated when he was excluded from raising or admitting any evidence of the victim's pending rape case in juvenile court, has failed to satisfy his burden and that equitable tolling under *Souter* is inappropriate.  *See Schlup*, 513 U.S. at 316 ("Without any new evidence of innocence, even the existence of a concededly meritorious constitutional violation is not in itself sufficient to establish a miscarriage of justice that would allow a habeas court to reach the merits of a barred claim.").

Moreover, even if the Court assumes that Plaza's proffered evidence represented the type of reliable exculpatory evidence required to establish a credible claim, Plaza still has not made a satisfactory showing under the gateway actual innocence standard, i.e., demonstrated that "more likely than not, in light of the new evidence, no reasonable juror would find him guilty beyond a reasonable doubt – or, to remove the double negative, that more likely than not any reasonable juror would have reasonable doubt."  *House*, 547 U.S. at 538.  Upon consideration of the entire record and all of the evidence submitted – including the evidence Plaza submits in his Amended Petition, *see id.* at 537-38, the Court ultimately is *not* persuaded that "no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt," *see Schlup*, 513 U.S. at 329.  Plaza's proffered evidence, in particular the excluded evidence of the victim's

-24-

pending rape case in juvenile court, combined with the prosecutor's statements during closing arguments referencing the apparent lack of any evidence that the victim had a motive to falsely accuse Plaza, arguably establishes a Sixth Amendment Confrontation Clause violation and raises some doubts regarding the sufficiency of Plaza's conviction.  The Court is convinced, however, that the proffered evidence does not amount to "evidence of innocence so strong" as to demonstrate "factual innocence."  *See Souter*, 395 F.3d at 589-90 (quoting *Bousley*, 523 U.S. at 623) ("Actual innocence means factual innocence, not mere legal insufficiency.").  The fact that the 12-year-old victim did not disclose Plaza's rape to the police until three days after the victim was allegedly caught raping another child does not necessarily tend to prove Plaza's innocence and, as suggested by the Respondent, possibly could have even been prejudicial to Plaza if presented to the jury, given that there is evidence that being a victim of child molestation is highly correlated with becoming a child molester.  *See United States v. Beier*, 490 F.3d 572, 574 (7th Cir. 2007).  So, in other words, a reasonable juror could construe the impact of the excluded evidence as not adversely affecting the credibility of the victim's testimony at trial.  *See House*, 547 U.S. at 538-39.  Accordingly, because the victim's testimony otherwise supports Plaza's rape conviction, and because the Court determines that the other evidence Plaza presents would not affect a reasonable juror's finding of guilt beyond a reasonable doubt, the Court concludes that Plaza has not satisfied the "demanding" gateway actual innocence standard, or shown that, in light of the new reliable evidence, "it is more likely that not that no reasonable juror would have found [him] guilty beyond a reasonable doubt.  *See id.* at 537-38 (noting that the gateway actual innocence standard "permits review only in the 'extraordinary' case").

-25-

In short, therefore, the Court ultimately concludes that Plaza has failed to satisfy his burden of persuading the Court that he is entitled to equitable tolling under the *Souter* actual innocence exception.

*  *  *

Accordingly, because the Court, upon conducting a de novo review, agrees with the Magistrate Judge's conclusion that Plaza is not entitled to equitable tolling under the circumstances outlined in either *Dunlap* or *Souter*, Plaza's Amended Petition is time-barred under the AEDPA's statute of limitations and is therefore dismissed with prejudice.

**B.      Plaza's Motion For A Stay And Abeyance**

At the time of filing his Objections, Plaza also filed a Motion for a Stay and Abeyance.  (ECF No. 39.)  Plaza requested a stay and abeyance so that he could return to state court and file a delayed petition for post-conviction relief pursuant to Ohio Revised Code §§ 2953.21 and 2953.23, because there were "matters" presented within his Amended Petition that were outside of the state court record and not exhausted.  (*Id.* at 1.)  Because the Court concludes that Plaza's Amended Petition is time-barred, however, Plaza's request for a stay and abeyance should be denied as futile.  *See Simpson v. Ludwick*, No. 08-CV-11165, 2008 U.S. Dist. LEXIS 87390, at *19-*20 (E.D. Mich. Oct. 29, 2008) ("[B]ecause the Court finds that Petitioner's petition is untimely, it is thus futile for Petitioner to return to state court."); *Cole v. Runnels*, No. CIV S-06-2454 GEB DAD P, 2007 U.S. Dist. LEXIS 53412, at *11 n.3 (E.D. Cal. July 24, 2007) ("The Supreme Court has cautioned that 'stay and abeyance should be available only in limited circumstances.'  *Rhines v. Weber*, 544 U.S. 269, 277 (2005).  A district court should not grant a stay if petitioner's claims are plainly meritless.  *Id.*  Where, as here, petitioner's claims are

-26-

time-barred, the granting of a stay and abeyance would be futile.").  Accordingly, Plaza's Motion for a Stay and Abeyance is denied.

### III.  CONCLUSION

For all of the foregoing reasons, the Court **AMENDS** and **ADOPTS** the Amended R&R (ECF No. 33), **GRANTS** Respondent's Motion (ECF No. 9), and **DISMISSES WITH PREJUDICE** Plaza's Amended Petition (ECF No. 8).  The Court also **DENIES** Plaza's Motion for a Stay and Abeyance (ECF No. 39).

Further, the Court declines to grant Plaza's request for a certificate of appealability pursuant to 28 U.S.C. § 2253(c).  (*See* ECF No. 48 at 88.)  The Court concludes that while jurists of reason may find it debatable whether Plaza's Amended Petition states a valid claim of the denial of a constitutional right – namely, Plaza's rights under the Sixth Amendment Confrontation Clause – the Court nevertheless believes that jurists of reason would *not* find it debatable that the Court was incorrect in its procedural ruling to dismiss Plaza's Amended Petition as time-barred under the AEDPA's statute of limitations.  *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  Likewise, the Court notes that Plaza should not be granted leave to proceed on appeal in forma pauperis, as any appeal could not be taken in good faith.  *See* 28 U.S.C. § 1915(a)(3).

**IT IS SO ORDERED.**

*/s/ Dan Aaron Polster*　　　*December 17, 2008*
**Dan Aaron Polster**
**United States District Judge**